# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>ADAM ALDEN<br>Defendant. | CR 16 05 A<br>Criminal Case No. _____<br><br>1:16-cr-0010-BAM |

### RULE 20 TRANSFER NOTICE

An information charging defendant Adam Alden with a violation of 21 U.S.C. §§ 355(a), 331(d) and 333(a)(1) has been filed in the District of Rhode Island. The defendant executed a plea agreement in which he has agreed to: (1) consent to the filing of the information, (2) waive his right to trial in the District of Rhode Island and plead guilty to the charge, and (3) consent to the transfer of the case pursuant to Fed. R. Crim. P. 20 to the Eastern District of California for disposition pursuant to said plea agreement.

The United States Attorneys for the District of Rhode Island and the Eastern District of California approve the transfer of the case from the District of Rhode Island to the Eastern District of California.

Whereupon, the Clerk for the United States District Court for the District of Rhode Island will send a certified copy of the Information, Plea Agreement and this Notice to the Eastern District of California and cause a Summons to issue to the defendant for entry of the guilty plea.

PETER F. NERONHA
United States Attorney
District of Rhode Island
(District of Offense)

Dated: 1/27/16

BENJAMIN B. WAGNER
United States Attorney
Eastern District of California
(Transferee District)

Dated: 1/26/16

FILED
2016 JAN 27 P 1:06
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

13

# U.S. District Court
## District of Rhode Island (Providence)
### CRIMINAL DOCKET FOR CASE #: 1:16−cr−00005−LDA−1

Case title: USA v. Alden

Date Filed: 01/26/2016
Date Terminated: 01/27/2016

Assigned to: Magistrate Judge Lincoln D. Almond

**Defendant (1)**

**Adam Alden**
*TERMINATED: 01/27/2016*

represented by **Olin W. Thompson**
Federal Defender's Office
10 Weybosset St.
Suite 300
Providence, RI 02903
528−4281
Fax: 528−4285
Email: olin_thompson@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community Defender Appointment*

**Pending Counts**                                    **Disposition**

None

**Highest Offense Level (Opening)**

None

**Terminated Counts**                                 **Disposition**

21:331(d), 355(a) and 333(a)(1) −
INTRODUCTION OF AN
UNAPPROVED NEW DRUG INTO                              Rule 20 Transfer
INTERSTATE COMMERCE
(1)

**Highest Offense Level (Terminated)**

Misdemeanor

**Complaints**                                        **Disposition**

None

1

**Plaintiff**

| | | |
|---|---|---|
| USA | represented by | **Adi Goldstein**<br>U.S. ATTORNEY'S OFFICE<br>Fleet Center<br>50 Kennedy Plaza<br>8th Floor<br>Providence, RI 02903<br>709−5000<br>Fax: 709−5001<br>Email: adi.goldstein@usdoj.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 01/26/2016 | 1 | 3 | INFORMATION as to Adam Alden (1) count(s) 1. (Attachments: # 1 Criminal Cover Sheet) (Noel, Jeannine) (Entered: 01/27/2016) |
| 01/26/2016 | 2 | 5 | PLEA AGREEMENT as to Adam Alden (Noel, Jeannine) (Entered: 01/27/2016) |
| 01/27/2016 | 3 | 13 | CONSENT TO TRANSFER JURISDICTION (Rule 20) to Eastern District of California (Fresno) Counts closed as to Adam Alden (1) Count 1. (Noel, Jeannine) (Entered: 01/27/2016) |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

FILED

2016 JAN 26  P 3: 42

U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

v.

ADAM ALDEN

Defendant.

Criminal Case No. _____

CR 16 - 05 A

## INFORMATION

The United States Attorney charges that:

From on or about October 6, 2013, to on or about October 9, 2013, in the District of Rhode Island and elsewhere, Defendant ADAM ALDEN did introduce into interstate commerce a new drug, within the meaning of 21 U.S.C. § 321(p), to wit 2,4-Dinitrophenol, also known as DNP, which had not been approved by the United States Food and Drug Administration,

All in violation of 21 U.S.C. §§ 331(d), 355(a), and 333(a)(1).

PETER F. NERONHA
United States Attorney

_____
ADI GOLDSTEIN
Assistant U.S. Attorney

_____
STEPHEN G. DAMBRUCH
First Assistant U.S. Attorney
United States Attorney's Office

Dated: 12/30/2015

3

PER 18 U.S.C. 3170

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☒ INFORMATION ☐ INDICTMENT ☐ COMPLAINT

CASE NO. ☐☐16 - 05A

Matter Sealed: ☐ Juvenile ☐ Other than Juvenile
☐ Pre-Indictment Plea ☐ Superseding ☐ Defendant Added
☐ Indictment ☐ Charges/Counts Added
☐ Information

USA vs.
Defendant: ADAM ALDEN

Addr

Name of District Court, and/or Judge/Magistrate Location (City)
UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND — RHODE ISLAND Divisional Office

Name and Office of Person Furnishing Information on THIS FORM: PETER F. NERONHA
☒ U.S. Atty ☐ Other U.S. Agency
Phone No. (401) 709-5050

Name of Asst. U.S. Attorney (if assigned): ADI GODSTEIN

**REDACTED**

Birt Dat

Soc

Alien plicable)

### PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)
FOOD AND DRUG ADMINISTRATION

☐ person is awaiting trial in another Federal or State Court (give name of court)

☐ this person/proceeding transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Atty ☐ Defense

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant. (Notice of Related Case must still be filed with the Clerk.)

☐ prior proceedings or appearance(s) before U.S. Magistrate Judge regarding this defendant were recorded under

MAG. JUDGE CASE NO.

Issue: ☐ Warrant ☑ Summons

Location Status:
Arrest Date _____ or Date Transferred to Federal Custody _____

☐ Currently in Federal Custody
☐ Currently in State Custody
☐ Writ Required
☐ Currently on bond
☐ Fugitive

Defense Counsel (if any): Olin Thompson (RI), Meghan Hopkins FPD (Fresno, CA)
☑ FPD ☐ CJA ☐ RET'D
☐ Appointed on Target Letter

Place of offense: RHODE ISLAND County

☐ This report amends AO 257 previously submitted

### OFFENSE CHARGED - U.S.C. CITATION - STATUTORY MAXIMUM PENALTIES - ADDITIONAL INFORMATION OR COMMENTS

Total # of Counts 1

| Set | Title & Section/Offense Level (Petty = 1 / Misdemeanor = 3 / Felony = 4) | Description of Offense Charged | Felony/Misd. |
|---|---|---|---|
| | 21 USC Sections 355(a),331(d) and 333(a)(1) | Introduction of an unapproved new drug into interstate commerce | ☒ Felony ☑ Misdemeanor |
| | Penalties: One year incarceration or up to 5 the offense; $25 special assessment | years probation; $100,000 fine or twice the gain/loss from | ☐ Felony ☐ Misdemeanor |
| | | Estimated trial time: 3 days | ☐ Felony ☐ Misdemeanor |

4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| UNITED STATES OF AMERICA | Criminal Case No. _____ |
|---|---|
| v. | CR 16 – 05 A |
| ADAM ALDEN | |

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States and Defendant, **ADAM ALDEN**, have reached the following agreement:

1. Defendant's Obligations.

A. Defendant will waive presentation of this matter to the grand jury and consent to the filing of an Information which charges the Defendant with one misdemeanor count of introduction of an unapproved new drug into interstate commerce, in violation of 21 U.S.C. §§ 355(a), 331(d) and 333(a)(1). Defendant will plead guilty to the Information.

B. Defendant further agrees that the time between the filing of this plea agreement and the scheduled date for the change of plea is excludable under the Speedy Trial Act, 18 U.S.C. § 3161.

C. Defendant agrees pursuant to Fed. R. Crim. P. 20 to transfer the prosecution of this matter from the District of Rhode Island to the Eastern District of California.

1

FILED 2016 JAN 26 P 3:42 U.S. DISTRICT COURT DISTRICT OF RHODE ISLAND

Defendant agrees to waive trial in the District of Rhode Island and agrees to dispose of the case in the Eastern District of California.

2. Government's Obligations. In exchange for Defendant's waiver of indictment and plea of guilty:

a. The Government will recommend that the Court impose a term of probation of three years. Additionally, the Government may recommend that the Court impose additional conditions of probation including, community service requirements, substance abuse counseling, mental health counseling, travel restrictions, internet restrictions, and employment restrictions as indicated by the Presentence Investigation Report.

b. For purposes of determining the offense level, the government agrees to recommend a two-level reduction in the offense level for acceptance of responsibility under § 3E1.1(a) of the guidelines if Defendant continues to demonstrate acceptance of responsibility through sentencing.

c. As of the date of this agreement, Defendant has timely notified authorities of an intention to enter a plea of guilty. If the offense level is 16 or greater and Defendant enters a plea of guilty pursuant to this agreement, the government will move the sentencing Court for an additional decrease of one level, pursuant to U.S.S.G. § 3E1.1(b)(2), unless Defendant indicates an intention not to enter a plea of guilty, thereby requiring the government to prepare for trial.

d. The government is free to recommend any combination of supervised release, fines, and restitution which it deems appropriate.

3. Defendant understands that the guidelines are not binding on the Court, and that, although the Court must consult the guidelines in fashioning any sentence in this case, the guidelines are only advisory, and the Court may impose any reasonable sentence in this matter up to the statutory maximum penalties after taking into account the factors enumerated in 18 U.S.C. § 3553(a).

4. Count One of the Criminal Information charges the defendant with Introducing an Unapproved Drug into Interstate Commerce in violation of 21 U.S.C. § 331(d). The offense of Introducing an Unapproved Drug into Interstate Commerce in violation of 21 U.S.C. § 331(d) has the following elements, each of which the government would be required at trial to prove beyond a reasonable doubt:

First, that the defendant introduced or delivered for introduction into interstate commerce (or caused such introduction or delivery of) the article described in the Criminal Information, i.e., 2,4-Dinitrophenol, also known as DNP;

Second, that such article is a drug (i.e., intended to effect body structure or function);

Third, that such article is a new drug (i.e., a drug the use of which is not generally recognized, among experts qualified by scientific training or experience to evaluate its safety and effectiveness, as safe and effective for the use under conditions prescribed, recommended or suggested); and

Fourth, that an application for approval has not been declared effective by the Food and Drug Administration.

21 U.S.C. § 331(d) (West 2014, revised).

    5.    The United States and defendant stipulate and agree to the following facts under the guidelines:

    a. Between August 2013 and January 2014 defendant distributed 2,4-Dinitrophenol, also known as DNP, to customers throughout the United States including Rhode Island.

    b. Defendant sold the DNP on eBay using the seller name "skitzopizza"

    c. Defendant made approximately $500 in profits from his DNP sales.

    d. Defendant sold less than a kilogram of DNP.

    e. DNP is a chemical that is used as a dye, wood preserver and herbicide among other things. Nevertheless, it has been marketed over the years as an extreme weight loss drug, despite being labelled as "extremely dangerous and not fit for human consumption" under the Food Drug and Cosmetic Act of 1938.

    f. The DNP sold by Defendant was intended for human consumption as a weight loss product. It was not approved by the United States Food and Drug Administration.

    f. A Rhode Island customer who purchased DNP from the defendant, among other sources, died in October 2013 as a result of DNP ingestion. It cannot be established beyond a reasonable doubt whether or not the DNP sold by the defendant caused this customer's death.

4

6. Except as expressly provided in the preceding paragraph, there is no agreement as to which Offense Level and Criminal History Category applies in this case. Both the United States and Defendant reserve their rights to argue and present evidence on all matters affecting the guidelines calculation.

7. The maximum statutory penalties for the offense[s] to which Defendant is pleading are:

(i) one year incarceration or up to five years of probation; $100,000 fine or twice the gain/loss from the offense; $25 special assessment.

8. Defendant agrees that, after Defendant and Defendant's counsel sign this plea agreement, counsel will return it to the United States Attorney's Office along with a money order or certified check, payable to the Clerk, United States District Court, in payment of the special assessments. Failure to do so, unless the Court has made a previous finding of indigence, will relieve the government of its obligation to recommend a reduction in the offense level under the guidelines for acceptance of responsibility.

9. Defendant is advised and understands that:

a. The government has the right, in a prosecution for perjury or making a false statement, to use against Defendant any statement that Defendant gives under oath;

b. Defendant has the right to plead not guilty, or having already so pleaded, to persist in that plea;

c. Defendant has the right to a jury trial;

5

9

      d. Defendant has the right to be represented by counsel – and if necessary have the Court appoint counsel – at trial and every other stage of the proceeding;

      e. Defendant has the right at trial to confront and cross-examine adverse witnesses, to be protected from self-incrimination, to testify and present evidence, and to compel the attendance of witnesses; and

      f. Defendant waives these trial rights if the Court accepts a plea of guilty.

10. The government reserves its full right of allocution, including the right to present any information to the Court for its consideration in fashioning an appropriate sentence, the right to correct misstatements, misrepresentations, or omissions by Defendant, and to answer any questions asked by the Court.

11. Except for paragraphs 2 and 4, above, the parties have made no agreement concerning the application of the guidelines in this case.

12. Defendant understands that the Court alone makes all sentencing decisions, including the application of the guidelines and the sentence to be imposed. The Court is not bound by the parties' stipulations of fact, offense level adjustments, or the government's recommendations. The Court is free to impose any sentence it deems appropriate up to and including the statutory maximum. Defendant also understands that even if the Court's guideline determinations and sentence are different than Defendant expects, Defendant will not be allowed to withdraw Defendant's plea of guilty.

13. Defendant hereby waives Defendant's right to appeal the conviction and sentence imposed by the Court, if the sentence imposed by the Court exceeds [handwritten: *does not* (or) (are)] three years'

probation. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the government retains its right to appeal any of the Court's sentencing determinations.

14. This agreement is binding on the government only if Defendant pleads guilty, fulfills all Defendant's obligations under the agreement, does not engage in any conduct constituting obstruction of justice under § 3C1.1 of the guidelines, and does not commit any new offenses. Defendant understands that if Defendant violates this agreement in any way, the government shall be released from its obligations under the agreement and will be free to make any recommendations that it deems appropriate. If that occurs, Defendant shall not have the right to withdraw Defendant's guilty plea.

15. This agreement is limited to the District of Rhode Island and does not bind any other federal, state, or local prosecutive authorities.

16. This agreement constitutes the entire agreement between the parties. No other promises or inducements have been made concerning the plea in this case. Defendant acknowledges that no person has, directly or indirectly, threatened or coerced Defendant to enter this agreement. Any additions, deletions, or modifications to this agreement must be made in writing and signed by all the parties in order to be effective.

17. Counsel for Defendant states that Counsel has read this agreement, been given a copy of it for Counsel's file, explained it to Defendant, and states that to the best of Counsel's knowledge and belief, Defendant understands the agreement.

7

18. Defendant states that Defendant has read the agreement or has had it read to Defendant, has discussed it with Defendant's Counsel, understands it, and agrees to its provisions.

_____  12/15/2015
**ADAM ALDEN**  Date
Defendant

_____  12/22/15
**OLIN THOMPSON**  Date
Counsel for Defendant

_____  12/29/15
**ADI GOLDSTEIN**  Date
Assistant U.S. Attorney

_____  12/30/2015
**STEPHEN G. DAMBRUCH**  Date
First Assistant U.S. Attorney

8

12